### CARROLL v. TUCKER et al.

(City Court of New York, General Term. November 27, 1893.)

BROKERS—ACTION FOR COMMISSIONS—INSTRUCTIONS.

On an issue in an action for broker's commissions as to whether one T., whom defendants employed to sell the premises, was authorized to employ plaintiff as a subbroker, defendants requested the court to charge that

"the only evidence in this case upon which they can find a ver-
dict against the defendants is the alleged admission by C. [one of
the defendants] that T. had authority to employ another broker."
*Held*, that such charge was given substantially as requested, where the
court replied: "I have not followed the testimony closely enough to be
able to say whether or not that is so, but I do charge the jury that, if
that is all the evidence, the jury cannot infer any other; in other words,
they cannot indulge in any presumption or supposition."

Appeal from trial term.

Action by David H. Carroll against Arthur Tucker and others.
There was a judgment in favor of plaintiff, and defendants appeal.
Affirmed.

For former reports, see 21 N. Y. Supp. 952, and 22 N. Y. Supp. 1129.

Argued before VAN WYCK, NEWBURGER, and McCARTHY,
JJ.

Chas. P. & Wm. W. Buckley, for appellants.
Lyman L. Settel, for respondent.

McCARTHY, J. This is an appeal from a judgment in favor of
the plaintiff. The action was for broker's commissions on sale of
real estate. The sale of the property was for the price mentioned,
and the main question was whether a broker named Thompson,
whom defendants employed to sell their real estate, was authorized
by them to employ this plaintiff as a subbroker to sell the property
in question. There was evidence given of such authority, and cor-
roborated by a witness; but this was positively denied by the de-
fendant Clarence Tucker and Thompson. This, then, raised an
issue of fact, and was properly submitted to the jury, who, under
the evidence, found for the plaintiff. No motion on any ground was
made to set aside the verdict. This appeal, then, comes to us on
the exceptions taken at the trial. They are as follows:

"The Defendants' Counsel: We ask the court to charge that the only evi-
dence in this case upon which they can find a verdict against the defendants
is the alleged admission by Clarence Tucker to Mr. Settel that Thompson
had authority to employ another broker. The Court: I have not followed the
testimony closely enough to be able to say whether or not that is so, but
I do charge the jury that, if that is all the evidence, the jury cannot infer
any other; in other words, they cannot indulge in any presumption or
supposition. (The defendants' counsel excepts to the refusal of the court to
charge as requested.) The defendants' counsel also asked the court to charge
that if Clarence Tucker did not say to Mr. Settel that Thompson had au-
thority to employ another broker, then their verdict must be for defendants.
The Court: If there is no other evidence in the case except that. Defend-
ants' Counsel: I ask your honor to charge as requested. The Court: I will
decline to do so, for the reason stated before,—that I have not followed the
evidence closely enough to be able to state. (Defendants except.)"

We think that the court, in substance, charged as defendants re-
quested; but, if the justice did not, it was certainly cured by the fol-
lowing:

"The Court: But I will charge you again, gentlemen, that the obligation is
on the plaintiff in this case to establish by the weight and preponderance
of proof that Thompson had the right to employ the plaintiff, or any other
broker, to sell the house for the defendants, and that that authority was de-
rived from the defendants themselves. Defendants' Counsel: You mean
by that, authority to employ at the defendants' expense? The Court: Yes.

The Defendants' Counsel: And if they are not satisfied that that is the case, they must find for the defendants. The Court: Yes; and if you find, gentlemen, that the testimony is evenly balanced, your verdict should be for the defendants; or, if you find that the testimony preponderates negatively, in favor of the defendants. You are to take into account all the evidence in this case."

We find no error, and think the question was fully and fairly submitted to the jury, and judgment should be affirmed, with costs. All concur.